THOMAS B. REED, attorney general, by information, *vs.* CUMBERLAND & OXFORD CANAL CORPORATION.

Cumberland, 1873.—August 6, 1874.

*Quo warranto. Informations. Notice. Exceptions. Practice.*

Exceptions will be sustained only when it appears affirmatively that the party filing them has been aggrieved by the ruling excepted to.

Upon filing an information in the nature of a *quo warranto* the time and manner of notice is discretionary with the court.

In such case an order for defendant to answer if after an appearance is a discretionary matter to which no exceptions lie;—if before appearance and before notice it is void.

No one who has not in some way become a party to a suit is in a condition to file exceptions to any of the proceedings therein.

ON EXCEPTIONS.

INFORMATION in the nature of a *quo warranto*.

Service was made upon Francis O. J. Smith, who appeared specially at the October term of this court, A. D., 1872, on the return day of the service ordered, and moved that "said petition" be dismissed for want of sufficient service upon said corporation, only four days' notice of the pending of the same having been given, which motion the presiding justice overruled and directed the corporation to make answer in writing to the allegations of "said petition" on the first day of the next January term. To which ruling, direction and order, said Smith excepted.

*F. O. J. Smith,* in support of his exceptions.

This information, in the nature of a *quo warranto*, filed by the attorney general, under the statute resolve of 1871, c. 233, is a

proceeding at common law, and though in form criminal, it is in its nature a civil suit and committed to the civil jurisdiction of this court by R. S., c. 77, § 4, with no modification of the rules of the common law.

To the point that when the writ of *quo warranto* is the appropriate remedy, all its peculiar characteristics must be retained, *vide* Davis *ex parte*, 41 Maine, 38.

The proceeding was specifically regulated by the statute of 6 Edward I, § 5, A. D., 1278. The notice thereby required was forty days. No statute in England or America has lessened this forty days' notice, unless R. S., c. 81, § 18, can be construed as embracing this proceeding. If so, thirty days notice is secured.

If the defendants are not rightfully in court they ought not to be compelled to plead.

*T. B. Reed*, attorney general, for the state.

DANFORTH, J. It is evident that the exceptions in this case must be overruled. Nothing appears in them to show that any wrong has been done to any party by the ruling of the court.

The first objection raised is to the overruling of the respondents' motion. This motion as the case shows asks for the dismissal of "said petition" "for want of sufficient service." It appears further that there was an order of court upon this petition, which we may presume directed what notice should be given, though this does not appear, and we may also suppose that such order had been complied with, as no objection is made on that ground. The objection as we learn from the argument is that the court had no authority to grant an order of notice in its discretion, upon such a process, but that its time is fixed by a rule of law. If the process is what it is denominated in the motion, a "petition" we know of no rule either of statute or common law, which necessarily prescribes the precise notice to be given. If it is a petition for permission to file an information in the nature of a *quo warranto* as would be necessary if its purpose was to vindicate private rights, clearly the notice should be such as the court might order. But in the respondents' argument it is referred to as an "information in the nature of a *quo warranto*."

If it were so, still the notice does not appear to be insufficient. Though the information has in many jurisdictions taken the place of the writ of *quo warranto*, the proceedings under it are somewhat different. In the writ, which, under our statute, would seem to be a legal process in this state, the notice may properly be given before the entry in court and must be by summons. In proceeding by information which is criminal in form, though in its nature but a civil remedy, the entry is first made in court, and such process is then issued as may be necessary to compel the appearance of the defendant. Formerly it was by a *venire facias;* more lately, a summons in some cases has been resorted to as in Massachusetts in *Commonwealth* v. *Fowler*, 10 Mass., 290 ; *Same* v. *Dearborn*, 15 Mass., 125, and *Same* v. *Smead*, 11 Mass., 74.

As the sole object of the notice is to secure the attendance of the defendant, as it is issued after the entry of the process and in many cases only at the discretion of the court, it would seem almost as a matter of course that the length and manner of notice must be such as the court may order, upon the filing of the information, even though there may be a definite legal rule as to notice in the case of a writ, which is a civil proceeding in form as well as in substance.

But as already seen, we have not the means to know certainly that the ruling is right, nor can we say that it is wrong. The process is not before us as it was before the court, where the ruling was made. This court sitting as a court of law, has no records and no original papers. These all belong to the court below, and cannot properly be removed therefrom. Hence the only way in which we can obtain such papers as may be necessary to a right understanding of the case, is to have them made a part of the case, and copies furnished.

The second ruling complained of, is an order "for the respondent corporation to make answer in writing to the allegations of said petition, on the first day of the next January term of this court." The objection to this is, that it was premature, because the proper service had not been made. It is undoubtedly true, that if the proper notice had not been given, and not waived by an appearance, the order was premature. But in that case, it

would be simply void. Any order, decree, or judgment even, before the appearance of, or due notice to a defendant, can have no effect whatever, upon the rights of such party. The notice, or that which is tantamount to it, alone lays the foundation for subsequent proceedings. Besides, it is to a party only, that the statute accords the right of filing exceptions; and how can a person become a party, until he has made an appearance. The respondent was properly in court as a party, or he was not. If he was in, the order was discretionary with the judge, and no exceptions will lie; if he was not in court, he was not in a condition to file exceptions, nor would there be any occasion for any.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.